IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MAURICE CEASAR, | : | |
| | : | |
| Plaintiff, | : | CIVIL NO. 4:CV-09-0798 |
| | : | |
| v. | : | (Judge Jones) |
| | : | |
| OLUWASEGUN OBEBE, *et al.*, | : | |
| | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| MAURICE CEASAR, | : | |
| | : | |
| Petitioner | : | |
| | : | CIVIL NO. 4:CV-09-0818 |
| | : | |
| v. | : | (Judge Jones) |
| | : | |
| DEPARTMENT OF | : | |
| CORRECTIONS, *et al.*, | : | |
| | : | |
| Respondents | : | |

| | | |
|---|---|---|
| MAURICE CEASAR, | : | |
| | : | |
| Petitioner | : | |
| | : | CIVIL NO. 4:CV-09-0862 |
| | : | |
| v. | : | (Judge Jones) |
| | : | |
| FEDERAL BUREAU OF | : | |
| PRISONS, *et al.*, | : | |
| | : | |
| Respondents | : | |

# MEMORANDUM

July 22, 2009

Maurice Ceasar, an inmate confined at the Schuylkill Federal Correctional Institution ("FCI-Schuylkill") in Minersville, Pennsylvania, initiated the above-captioned actions by the filing of complaints under under 42 U.S.C. § 1983 and *Bivens*[1] and two petitions for writ of habeas corpus under 28 U.S.C. § 2241. He has requested leave to proceed *in forma pauperis* in each action. For the reasons set forth below, the requests to proceed *in forma pauperis* will be granted solely for the purpose of filing the instant actions, and the actions will be dismissed as moot.

## I. BACKGROUND

### A. *Ceasar v. Obebe, et al.*, Civil No. 4:CV-09-0798

In his complaint in action 4:CV-09-0798, Ceasar alleges that R.A. Kranzel, a Record Office employee at FCI Schuylkill, retaliated against him by sending a detainer letter to the District of Columbia Department of Corrections ("DOC"). (*See* Civil No. 4:CV-09-0798, Doc. 1 at 2.) He alleges that, as a result of the detainer letter, he will be held for an additional 90 days at FCI Schuylkill following the completion of his current sentence. (*See id.*) Ceasar claims that he already served a

---

[1] *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

90-day sentence imposed by the District of Columbia Superior Court in case number CF3-9217-06 from January 11, 2007 through April 9, 2007. (*See id.*)

Ceasar seeks "financial relief" from Kranzel and other BOP officials who he claims are "taking it upon themselves to cause problems for [him] in [his] release plan," are "resentencing him," and "giving [him] an unfair computation again- without respecting the 5th Amendment due process." (*See id.* at 3, 15.)

> **B.** ***Ceasar v. Department of Corrections, et al.,* Civil No. 4:CV-09-0818**
> ***Ceasar v. Federal Bureau of Prisons,* et al., Civil No. 4:CV-09-0862**

The action docketed at 4:CV-09-0818 was filed in the United States District Court for the District of Columbia on March 30, 2009 and transferred to this Court by Order dated April 3, 2009. (*See* Civil No. 4:CV-09-0818, Docs. 1, 3.) Petitioner filed the action docketed at 4:CV-09-0862 in this Court on May 7, 2009. Both actions are nominally petitions for writ of habeas corpus under 28 U.S.C. § 2241, although in both cases, Ceasar refers to his submission as a complaint and requests relief, such as monetary damages, that could only be pursued in a civil rights action.

Notwithstanding this confusion, it is apparent that the basis for both of these actions is a challenge to the BOP's issuance of a detainer, which Ceasar asserts will require him to serve an additional 90 days in BOP custody on a 2007 District of Columbia Superior Court sentence. Ceasar claims that the requirement that he serve

3

an additional 90 days will extend his projected release date from November 8, 2009 to February 4, 2010. In both Petitions, Ceasar requests that this Court "vacate" the 90 day sentence and direct that he be released on November 8, 2009.

C.   **Additional Filings**

Since initiating these actions, Ceasar has sent numerous unsolicited correspondence and filings to the Clerk of Court. Although much of the content of these filings, like his initial pleadings, is difficult to decipher, the purpose of the filings appears to be to update the Court on events that have taken place since the actions were filed and/or to amend or supplement the original filings. In his most recent filing on June 25, 2009 in Civil No. 4:CV-09-0798, styled as a Motion to Amend, Ceasar requests that this Court allow him to "amend" his Complaint with documents he attaches to his Motion from the DOC and BOP. (*See* Civil No. 4:CV-09-0798, Doc. 17.) The attachments reveal that on February 11, 2009, the BOP sent a notice to the DOC, indicating that a detainer had been filed against Ceasar in DOC's favor charging 90 days imprisonment to be served in criminal case 2006-CF3-9217. On March 4, 2009, the DOC initially informed the BOP that Ceasar had not satisfied his 90-day sentence in that case. (*See id.* at 4.) However, on April 27, 2009, after inquires from the BOP, the DOC informed the BOP that Ceasar had in fact served that sentence. (*See id.* at 5.) A copy of a BOP Sentencing Monitoring Independent

Sentence Computation sheet dated May 13, 2009 reflects that Ceasar has received a jail credit from January 11, 2007 through April 9, 2007, the period during which Ceasar has stated that he served the sentence in case number 2006-CF3-9217. (*See id.* at 13.)

## II. DISCUSSION

"Article III's 'case or controversy' requirement prevents federal courts from deciding cases that are moot. If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot. *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996).

All three of Ceasar's actions are based on his challenge to the detainer issued for a 90-day sentence imposed by the District of Columbia Superior Court which Ceasar claims he already served. However, the BOP and DOC have corrected this error in the calculation Ceasar's sentence, and he has been issued a credit for this time. Thus, Ceasar's actions have been rendered moot. *See, e.g., Wilson v. Reilly*, 163 Fed. Appx. 122, 125 (3d Cir. 2006) (holding that habeas petition, in which petitioner requested new parole hearing to correct assessment of 12 to 16 months for possession of knife, was rendered moot by fact that petitioner received the relief he sought when his case was subsequently reopened and a special consideration hearing

was ordered so that the 12 to 16 month assessment could be removed from petitioner's guideline range); *see also McCarthy v. Madigan*, 503 U.S. 140, 146 (1992) (stating "[w]hen an agency has the opportunity to correct its own errors, a judicial controversy may well be mooted").

Ceasar himself seems to realize this, asking the Court to disregard some of the documents he has filed and stating that he will "consider" not moving forward with his cases, at least as to certain defendants, if they explain to him what happened. (Doc. 17 at 2.) Whether or not Ceasar receives what he believes to be a satisfactory explanation for the error, in the absence of any present or continuing injury, his actions may not proceed. For that reason, each of these actions will be dismissed as moot.[2] An appropriate order will be entered.

---

[2] In his June 25 submission, Ceasar appears to complain that *new* sentences have been added to his original release date of November 8, 2009. (*See* Civil No. 4:CV-09-0798, Doc. 17 at 2.) It is uncertain upon what this complaint is based. The BOP Sentence Monitoring Good Time Data sheet which is attached to his motion shows that the expiration of Ceasar's full term date is August 11, 2010, but that his projected satisfaction date with good conduct credit is February 4, 2010. (*See id.* at 14) The June 15 computation does not show any "new" sentences. To the extent Ceasar means to raise new challenges to his District of Columbia sentences, he must raise them in a separate and properly filed petition for writ of habeas corpus under 28 U.S.C. § 2254. *See Morgan v. LaManna*, 150 Fed. Appx. 145, 147 (3d Cir. 2005).